IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE PAUL HOWARTH,<br>            Plaintiff<br>       v.<br>SHEETZ<br>            Defendant | : <br>: <br>: <br>: <br>: | Civil Action No. 05-22J |
| LESLIE PAUL HOWARTH,<br>            Plaintiff<br>       v.<br>SHEETZ #8,<br>            Defendant | : <br>: <br>: <br>: <br>: | Civil Action No. 05-170J |
| LESLIE PAUL HOWARTH,<br>            Plaintiff<br>       v.<br>SHEETZ #7,<br>            Defendant | : <br>: <br>: <br>: <br>: | Civil Action No. 05-171J |
| LESLIE PAUL HOWARTH,<br>            Plaintiff<br>       v.<br>SHEETZ #34,<br>            Defendant | : <br>: <br>: <br>: <br>: | Civil Action No. 05-172J |
| LESLIE PAUL HOWARTH,<br>            Plaintiff<br>       v.<br>SHEETZ #86,<br>            Defendant | : <br>: <br>: <br>: <br>: | Civil Action No. 05-173J |
| LESLIE PAUL HOWARTH,<br>            Plaintiff<br>       v.<br>SHEETZ FINANCIAL BUILDING,<br>            Defendant | : <br>: <br>: <br>: <br>: | Civil Action No. 05-174J |
| LESLIE PAUL HOWARTH,<br>            Plaintiff<br>       v.<br>SHEETZ #227,<br>            Defendant | : <br>: <br>: <br>: <br>: | Civil Action No. 05-175J |
| LESLIE PAUL HOWARTH,<br>            Plaintiff<br>       v.<br>SHEETZ CORPORATE OFFICE,<br>            Defendant | : <br>: <br>: <br>: <br>: | Civil Action No. 05-176J |

Case 3:05-cv-00176-LGK-KAP Document 10 Filed 11/08/05 Page 1 of 5

Report and Recommendation

Recommendation

Plaintiff filed pro se complaints under the regulations implementing Title III of the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against defendant Sheetz, a corporation which operates the various convenience stores named as defendants in the above captioned complaints. Pending are several motions by plaintiff for leave to proceed in forma pauperis (docket no. 12 at C.A. No. 05-22J; docket no. 5 at C.A. No. 05-170J, C.A. No. 05-171J, C.A. No. 05-172J, C.A. No. 05-173J and C.A. No. 05-175J; docket no. 4 and docket no. 6 at 05-174J and 05-176J), which the Clerk is directed to terminate because plaintiff has already been granted leave to proceed in forma pauperis. Defendant Sheetz has filed motions to dismiss at the last seven of the above captioned cases (docket no. 7 at C.A. No. 05-170J, C.A. No. 05-171J, C.A. No. 05-172J, C.A. No. 05-173J, and C.A. No. 05-175J; docket no. 8 at C.A. No. 05-174J and 05-176J), and a motion for judgment on the pleadings, docket no. 15, at C.A. No. 05-22J, all of which plaintiff does not oppose. I recommend that the defendant's motions be granted and the complaints in the last seven cases be dismissed on the basis that plaintiff lacks standing, and that judgment on the pleadings be entered in favor of defendant at C.A. No. 05-22J on the same basis, because plaintiff does not allege any likelihood of a future denial of service.

Report

Plaintiff alleges that he is disabled and uses a

wheelchair or crutches, and that at each of the defendant's convenience stores or offices named in the last seven complaints, the parking lot does not have the required number of ADA compliant parking spaces. No further facts are alleged as to the latter seven complaints. At C.A. No. 05-22J, plaintiff alleges an incident took place on January 8, 2004, in which the Johnstown Police Department was called to the Sheetz store on Haynes Street in Johnstown and plaintiff was asked to leave, but he does not allege that Sheetz employees asked him to leave, or that he was not waited on, or that it is likely that he would be denied service in the future due to a disability.

To state a claim under Title III of the ADA a plaintiff must show that he has suffered some concrete and particularized injury, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), separate and apart from the state of the world in general. For instance, under Title III of the ADA, a legal injury is "a real and immediate threat that a particular (illegal) barrier will cause future harm." Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003).

Plaintiff does not allege that he will suffer harm from the state of the defendant's parking lots, nor does he allege that he ever suffered harm there. Simply alleging his disability and defendant's deficiency in complying with the ADA is not enough to confer standing. To illustrate, if the ADA hypothetically required defendant to have four handicap parking spots and defendant provided

3

only three, plaintiff can suffer no legal injury and has no standing to challenge the lack of the fourth spot unless the first, second, or third spots were already occupied (by other disabled persons properly using the spots) on a particular occasion, and the lack of a fourth spot deterred him in fact from using defendant's business. For a Title III claim, plaintiff must additionally allege the reasonable likelihood that this will happen in the future. The pleadings (including the complaint at C.A. No. 05-22J) contain no such allegations[1]. The complaints should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 8 November 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

---

1. Some federal courts in this circuit apply an alternative test, requiring a plaintiff in a Title III ADA claim to allege (1) a disability; (2) discrimination on the basis of that disability; (3) that the plaintiff was thereby denied goods or services; (4) by a place of public accommodation. See Douris v. Dougherty, 192 F.Supp.2d 358 (E.D.Pa. 2002), citing Little v. Lycoming County, 912 F.Supp. 809, 818 (M.D.Pa.1996); Sharrow v. Bailey, 910 F.Supp. 187, 191 (M.D.Pa.1995). I do not adopt Douris' formula because I think it requires too much to require a denial of goods or services. A simple inability of a plaintiff to use a public accommodation on substantially the same basis as a person without the plaintiff's alleged disability should suffice to state a claim. At the same time, the cause of action as described in Douris requires too little: because a private plaintiff can only obtain injunctive relief for a violation of Title III, a plaintiff must also allege a likelihood of a future injury.

4

David B. Consiglio, Esquire
720 South Atherton Street
State College, PA 16801